IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN L. SCALES<br>85 SOUTH BAY AVENUE<br>FREEPORT, NEW YORK 11520<br><br>MARKELL JONES<br>2513 ROBINSON PLACE<br>WALDORF, MARYLAND 20602<br><br>MATTHEW F. WILLIAMS<br>6080 PONHILL DRIVE<br>WOODBRIDGE, VIRGINIA 22193<br><br>and<br><br>ERIC B. RICE<br>8805 BUCKINGHAM COURT<br>NORTH BEACH, MARYLAND 20714<br><br>    Plaintiffs.<br><br>v.<br><br>DOUGLAS BURGUM, SECRETARY<br>UNITED STATE DEPARTMENT OF THE<br>INTERIOR, IN HIS OFFICIAL CAPACITY<br>1849 C STREET, NW<br>WASHINGTON, DC 20240<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

    Plaintiffs, Kevin. L. Scales, Markell Jones, Matthew F. Williams and Eric B. Rice, by and through their undersigned counsel, for their Complaint hereby sue the Defendant, Douglas Burgham, in his Official Capacity as the Secretary of the United States Department of the Interior for discrimination on the basis of race and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 and in support thereof, state as follows:

1

## PARTIES

1. Plaintiff Kevin L. Scales is an adult male resident of the State of New York. Plaintiff Scales has been a U.S. Park Police Officer, SP-0083-01 since December, 2017.

2. Plaintiff Markell Jones is an adult male resident of the State of Maryland. Plaintiff Jones has been a U.S. Park Police Officer, SP-0083-01 since October 23, 2021.

3. Plaintiff Matthew F. Williams is an adult male resident of the Commonwealth of Virginia. Plaintiff Williams has been a U.S. Park Police Officer, SP-0083-01 since September, 2008.

4. Plaintiff Eric B. Rice is an adult male resident of the State of Maryland. Plaintiff Rice has been a U.S. Park Police Officer, SP-0083-01 since February, 2015. Plaintiff Rice is a service disabled veteran having served in the United States Marine Corps from January 21, 2007 through June 3, 2014.

5. Plaintiffs Scales, Jones and Williams are African American/Black.

6. Plaintiff Rice is over the age of 40 and a service disabled veteran.

7. Defendant, the U.S. Department of the Interior is a federal government agency headquartered in the District of Columbia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., 42 U.S.C. § 2000(e) et. seq.

9. At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

10. Venue is vested in this Court, since the facts giving rise to this case took place in the District of Columbia.

## FACTS

**June 27, 2022 Vehicle Chase**

11. On or about June 27, 2022, Plaintiffs were involved in a police vehicle chase of a motorcycle along with a number of other Park Police officers in other cars. (the "Crash").

12. The driver of the motorcycle collided with a pole and died as a result of the Crash.

13. On or about July 14, 2022, Plaintiffs, individually and collectively were informed by Defendant (through Captain Eric Kohler) that they were placed on a no-contact status with the public.

14. Plaintiffs were told they were placed on a no-contact status with the public because of their participation and involvement in the car chase that resulted in the death of the individual on the motorcycle.

15. At the time Plaintiffs were placed on no-contact status, there were assigned to desk jobs within their individual precincts.

16. As a result of being placed on no-contact status and given desk jobs, Plaintiffs individually and collectively were denied overtime opportunities, thus losing substantial amounts of wages and were denied the ability to apply and compete for special assignments, tech positions and promotions.

17. At the time Plaintiffs were placed no-contact status they were told that they could not work in the Communications Unit and could not work any overtime.

18. On or about July 23, 2023, after more than a year of being on No Contact status, Plaintiffs were moved to Communications Unit, where they were required to have contact with the public, despite still be in no-contact status.

19. Plaintiffs were allowed to work to work OT in comms, but were not allowed to work in any other positions, special assignments or other overtime opportunities.

20. Ten total officers were involved in the Crash.

21. In addition to Plaintiffs, Donald Gruelich (white male), Kelly Ann Cradello (white female), Officer Zarate (not African American male), Christopher Gogarty (While male) and Raheem Sumaro (African American male) were all involved in the Chase.

22. The officers who were not on No Contact status were allowed to continue their regular positions, earn overtime, engage in training opportunities and other benefits of being Park Police officer.

23. No Contact status is defined in the Guideline Manual – Use of Force Investigations ("Guidelines").

24. The Guidelines are discretionary as opposed to mandatory.

**Initial EEO Charges**

25. Plaintiff Scales filed his initial EEO charge for race discrimination on November 30, 2023, EEOC Charge No. 570-2024-00998x.

26. Plaintiff Jones filed his initial EEO charge for race discrimination on March 29, 2023, EEOC Charge No. 570-2024-00111x.

27. Plaintiff Williams filed his initial EEO charge for race discrimination on February 23, 2023, EEOC Charge No. 570-2024-00669x.

4

28. Plaintiff Rice filed his initial EEO Charge for discrimination on the basis of age and disability on April 21, 2023, EEOC Charge No. 570-2024-00091x. The EEOC granted summary judgment in favor of the Agency on June 28, 2024 and the Agency entered a Final Agency Decision on June 28, 2024.

### Retaliation

29. Following the Crash, Plaintiff were investigated by the US Attorneys Office and were ultimately cleared of any charges on or about January 1, 2024.

30. Each of the Plaintiffs was returned to full duty on or immediately after January 1, 2024.

31. On June 12, 2024, while each Plaintiff had an open EEO case, which Defendant knew about and was actively defending, each Plaintiff was placed on administrative leave with pay, and have remained on administrative leave with pay since that time.

32. As a result of being on administrative leave, Plaintiffs have been denied shift differential pay, weekend pay, holiday pay, overtime pay and any and all opportunities for promotions and special assignments.

33. Of the 10 officers involved in the Crash, the Plaintiffs were the only one who filed EEO charges and were the only ones who were placed on administrative leave with pay.

### Second EEO Charges

34. Plaintiff Scales filed his second EEO Charge on the basis of retaliation on June 20, 2024, DOI-NPS-24-0404.

35. Plaintiff Jones filed his second EEO Charge on the basis of retaliation on June 16, 2024, DOI-NPS-24-0334.

36. Plaintiff Williams filed his second EEO Charge on the basis of retaliation on July 3, 2024, DOI-NPS-24-0371.

37. Plaintiff Rice filed his second EEO Charge on the basis of retaliation on July 3, 2024, DOI-NPS-24-0372.

38. On February 13, 2025, Defendant deleted Plaintiff's government emails accounts.

39. More than 180 days has passed since Plaintiffs filed their second EEO charges and the matters remain unresolved.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCA 2000e-2**

40. Plaintiffs Scales, Jones and Williams adopt and incorporate by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

41. Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee on the basis of his race or color.

42. Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

43. Plaintiffs were subjected to unequal terms and conditions of employment on the basis of their race (African American), and color (black) when they were placed on no-contact status following the Crash while their white and Hispanic co-workers were disciplined in any way.

44. Plaintiffs have suffered and continue to suffer harm and damages, including economic damages, emotional distress and pain and suffering as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
### DISCRIMINATION ON THE BASIS OF RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCA 2000e-3

45. All Plaintiffs adopt and incorporate by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

46. Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee in retaliation for engaging in protected activity, including filing an EEO charge.

47. Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

48. Plaintiffs were subjected to unequal terms and conditions of employment on the basis their prior protected activity (filing a prior EEO charge), when they were placed administrative leave with pay while none of the other officers involved in the Crash who had not filed EEO charges were not subjected to any discipline.

49. Plaintiffs have suffered and continue to suffer harm and damages, including economic damages, emotional distress and pain and suffering as a direct and proximate result of Defendant's unlawful actions.

WHEREFORE, Plaintiffs respectfully requests that Court:

A. Enter Judgment in favor of Plaintiff on Count I and award each Plaintiff economic damages of not less than $150,000 and each Plaintiff an of compensatory damages not less than $300,000.00 as well as such equitable relief as this Court deems necessary;

B. Award Plaintiffs all of their costs and expenses associated with this matter, including reasonable attorneys' fees; and

C. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*